■ HAYIM & COMPANY, INC., et al., Respondents, v JOHN ZIOZIS, Appellant.—Order, Supreme Court, New York County, entered on February 4, 1975, denying defendant's motion to vacate a judgment theretofore entered against him, unanimously affirmed. Respondents shall recover of appellant $40 costs and disbursements of this appeal. In this action to recover damages for conversion, the parties entered into a stipulation whereby a settlement figure was determined and defendant agreed to make installment payments over a specified period of time; plaintiffs agreed to execute a general release in defendant's favor to be held in escrow until final payment; and both parties agreed to the entry of judgment against defendant, upon his failure to make such payments. Upon the subsequent default by defendant and, in accordance with the terms of the stipulation, judgment was entered in plaintiffs' favor. On this record, and contrary to defendant's allegations, we find that the stipulation was entered into by defendant freely and independently, of his own accord, uninfluenced by any acts of duress or misconduct on the part of the plaintiffs, and that the amount of the settlement was not unreasonable. Finding Special Term's refusal to vacate the judgment entered herein proper, we affirm. Concur—Stevens, P. J., Kupferman, Lupiano, Capozzoli and Nunez, JJ.

■ HANOVER LITHOGRAPHING, INC., Respondent-Appellant, v KATZ, JACOBS & DOUGLAS, INC., Defendant, and WEISS & BIHELLER MERCHANDISE CORPORATION, Appellant-Respondent.—Judgment, Supreme Court, New York County, entered on April 17, 1975, in favor of plaintiff against defendant, Weiss & Biheller Merchandise Corporation, in the sum of $24,496.92, dismissing plaintiff's cause of action against defendant, Katz, Jacobs & Douglas, Inc., and dismissing the counterclaims of both defendants except to the extent indicated therein, unanimously affirmed, without costs and without disbursements. The evidence adduced at the trial shows that defendant, Katz, Jacobs & Douglas, Inc., was the known agent of defendant, Weiss & Biheller Merchandise Corp., and despite any betrayal of Weiss & Biheller by its said agent, the plaintiff is entitled to the sum awarded to it, as Weiss & Biheller did receive the benefits of plaintiff's labor and services. We have examined the contentions raised by the cross appellants and find them to be without merit. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.